KRISEAN GIBSON § 1983 IN THE U.S. COURT McLENNAN COUNTY, TX

V. § 1985 OF

The State Of Texas § WESTERN DISTRICT

6:22-cv-00404

FILED
April 20, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: lad
DEPUTY

Civil

Conspiracy Claims

TO THE HONORABLE JUDGE OF SAID COURT

Comes now Plaintiff, Krisean Gibson, use the terms Conspiracy and Conspired and it is difficult to ascertain which Counts are not. Arguably, plaintiffs view all the events described in the Amended Complaint as one big Conspiracy against him: McLennan County Jail Sheriff Parnell McNamara, prison Medical Services and Emergency Medical Services Department of the UNITE STATES and any doctor to provide Medical Services to inmates at the McLennan County Jail. The Sheriff did not enter into contract with the Emergency Medical Services Department. They are enetered into contract with the United States. The Sheriff does not Choose the providers of Medical Services to inmates at the Jail. The Sheriff has no Control over the hiring or firing of Prison/Jail Medical Services employees. The City/Waco is responsible for providing the medical Care of the offenders at Jail.

I.

To State a § 1983 Conspiracy Claim a plantiff must allege: "(1) That the defendants Conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged Co-conspirators engaged in an overt act in furterance of the Conspiracy; and (3) that the overt act Vim Bonenberger v. St. Louis Metro Police Dep't, 810 F.2d 1103, 1109 (8th Cir. 2016) (Cleaned up). The plaintiff is additionally requred to prove a deprivation of a Constitutional right of privilege in order to prevail on a § 1983 Civil Conspiracy Claim.' White v. McKinley, 514 F.3d 806, 814 (5th Cir. 2008). (internal Citations omitted).

II.

To establish a § 1985 Conspiracy a plaintiff must allege: "(1) that the defendants conspired, (2) with the intent to deprive [him or her] of equal protection of the laws, or equal privileges and immunities under the laws, (3) that one or More of the Conspirators did, or cause to be done any act in furtherance of the object of the Conspiracy, and (4) that [he or she] was injured or deprived of having and exercising any right or privilege of a citizen of the United States." Crutcher-Sanchez v. City of Dakota, 687 F.3d 979, 987 (8th Cir. 2012; see also Mettler v. Whitledge, 165 F.3d 1197, 1206 (8th Cir. 1999); City of Omaha Employees Betterment Ass'n v. City of Omaha, 883 F.2d 650, 652 (8th Cir. 1989).

III.

Under both § 1983 and § 1985, the Eight Circuit requires plaintiffs to allege Specific facts giving rise to an inference of "a Meeting of the Minds" between the defendants to violate the plaintiffs Constitutional rights Murray v. Lene 595 F.3d 868, 870 (8th Cir. 2010); City of Omaha Employees Betterment Ass'n, 883 F.2d at 652 9). holding to state a claim for Conspiracy under 42 U.S.C. § 1985 (3), "The Plaintiff must allege with particularity and specifally demonstrate with material facts that the defendants reached an agreement. ). To be Sufficiently Specific, "[t]he factual basis need not be extensive, but it must be enough to avoid a finding that the Suit is frivolous." Smith v. Bacon, 699 F.2d 434, 436 (8th Cir. 1983) (Per Curiam). "[plaintiffs] Must at least allege that the defendants had directed themselves toward an unconstitutional action

by virtue of a mutual understanding; and provide some facts 'suggesting such a meeting of the minds.' Id. at 436-37 (quoting White v. Walsh, 649 F.2d 560, 561 (8th Cir. 1981)) "[T]he plaintiff need not show that each participant knew the exact limits of the illegal plain, but the plaintiff must show evidence sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." White v. McKinley, 519 F.3d at 816 (quotations and alterations omitted)

III. Factual Overview

§ 277.1 inmate Clothing - Standard facility clothing shall be issued to all inmates held over 48 hours. Additional appropriate clothing shall be issed to inmates participating in outside activities during inclement weather. The provision of this § 277.1 adoped to be effective May 3, 1995, 20 Tex. Reg. 2867 I was treated and sent back to the cell block without being properly cared for. Due to the clothing it caused a severe fungus rash all over my body. The fungus is painful and in several stages of healing. The fungus have cased scarring and the loss of skin pigment in places. Moreover, the fungus is all over my body including my face, and it made my lower back and bottom bloody. It could take several months of treatment to clear the fungus because it keep spreading to other parts of my body. I was given a different type of clothing that was helping a little, but due to violating my Rights, I was forced to be put back into the clothing that caused the infection. Medical Department and McLennan County Jail conspired together to come up with these terms. Due to the severity of the infection, the pigment in patches of skin is not expected to return for several months. I was given skin cream for the injury to make improvements, but the rash havent cleared due to the water in the shower. which I should be able to shower in the infirmary. Jail Medical Services is responsible for deciding who could use the shower in the infirmary. which I have been denied them rights. The City/Waco is responsible for providing the medical care of the offenders at the Jail. The McLennan County Sheriff own the Jail, The Sheriff did not enter into a contract with Prison Medical Services or Emergency Medical Services Department or any doctor to provide medical services to inmates at the Jail. The Sheriff does not choose the providers of medical serivies to inmates at the Jail. The Sheriff has no control over the hiring or firing of Prison Medical Services employees - Under rule 56(a) Summary Judgment is genarally appropriate "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law." FED R. Civ. P 56(a); Wilson v. Tregre 787 F.3d 322, 325 (5th Cir. 2015) (quoting Rule 56(a). A dispute is "genuine" so long as "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a fact is "material" if it might affect the outcome of suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d (1986); see also Ray v. United Parcel Serv., 587 Fed. Appx. 182, 186 (5th Cir. 2014)

Plaintiff responds that claim under the Rehabilitation Act requires a showing that the federal funds have to be dedicated to services at issue. plaintiff maintains, "By accepting federal funds "as a whole" and then passing some portion of those funds to PMS and City of Waco by operation of the general fund, PMS [Prison Medical Services] received federal funds and was obligated to comply with the Rehabilitation Act and care for all inmates." (Id. at 38, (citing 29 U.S.C. § 794 (b). (1). (B).) Therefore, me the plaintiff reasons that because Prison Medical Services

is not a financially and administratively independent Subunit, and federal funds the City/waco receives operates as a waiver of Sovereign immunity under the Rehabilitation Act. (Id.).

Under Texas State law, the governing authority of waco, TX. McLennan County is responsible for Conditions and Maintenance of the Jail and and I put forth this law Suit do to the injury that I have Substain.

IV.

In McLennan County Jail, The Sheriffs and Supervisors, was given written Notice in a Step 1, 2, and 3 of Serious pattern and practices of Constitutional Violations; the Sheriffs received weekly reports for being responsible for my injuries to my Skin. I Submitted a correct Continuous Constitutional Violations and in accordance with the policy to causes alleged injuries to me the plaintiff and the County Sheriffs and the Medical Dept. The defendants deprived me of my rights and Conspired with one another for a Meeting of the minds failed to property exercise Such a policy as caring for my Conditions due to the injuries on my Skin Cause by the Clothing. The McLennan County is liable for my injuries alone with Jail Medical Services Showed deliberate indifference and the evidence on my body demonstrates that there was wrongful Conduct and the McLennan County Jail and Medical Dept. alleged Conduct, It indicates that the medical personnel alleged injuries were not Severe and intended to ignore a Serious risk to my health. After I the plaintiff continued to Complain of pain to my Skin and requested futher treatment which is deliberate indifference to my medical needs. A law Suit Civil § 1983. See McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999). Due to my Serious Medical needs the County Jail and medical Dept. was in violation of the Eighth Amedment's Cruel and unusal punishment. Jail officials who deny or delay access to Medical Care violated the constitution. Estelle V. Gamble, 429 U.S. 97, 104-05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). To State a Claim of Such a Violation, a plaintiff must allege facts that plausibly Show: (1) The plaintiff had a Serious Medical need; and (3) there is a Causal Connection between that indifference and the plaintiffs injury. (Wann v. Taser Int'l, Inc 588 F.3d 1291, 1306-07 (11th Cir. 2009). A "Serious Medical Need is one that: (1) has been diagnosed by a physician as mandating treatment; (2) is so obvious that even a lay person would easily recongnize the necessity for a doctor's attention; or (3) if treatment for it is delayed, the condition worsens. Id. at 1307. More over, the medical need must be "one that, if left unattended, pos[es] a Substantial risk of Serious harm" Farrow v. west, 320 F.3d 1235, 1243 (11th Cir. 2003).

V.

ALLEGATION OF DISCOVERY LEVEL FACTS

The plainiff Seeks only monetary relief aggregating $ 250,000.00 or less excluding interest, Statutory or puntive damages and penalties, and attorney's fees and Costs So that this action is subject to the expedited actions process of Civil procedure Rule 169 and discovery must therefore be Conducted under Civil Procedure Rule 190.2

PLAINTIFF RELIEF

The plaintiff Seeks relief Monetary of over $ 250,000.00 but not more than: principal Amount Set at $ 1,000,000.00 per Dept. McLennan County Sheriff Dept owe 1,000,000.00 and the Medical Dept, here at the McLennan County Jail (PMS) owe 1,000,000.00 under the § 1983, § 1985 and Rehabilitation Act.

CLAIMS FOR DAMAGES

The Defendants owes the plaintiff sum of $2,000,000.00 which is the amount due and unpaid by the McLennan County Sheriff Parnell McNamara and the Head of the Emergency Medical Services. of failure to pay the installments under the agreement, in addition to the reasonable attorney's fees. making a total of $2,250,000.00.

PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests the defendant be cited to appear and answer for the judgement against the defendant for the sum of $2,250,000.00 with the jurisdiction limit of Court

Respectfully Submitted this on the 16th day of 04th 2022

Signature [signature]

typename Kriseen Gibson

SSN# 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

CID# 0178334

Date 04-16-22

Address 3201 E Hwy 6 Waco, TX 76705




Laurie Langston
Notary
Exp: Jan 17, 2024

Verification upon oath of AFFiRmation Jurat Declaration

Privat soverign Suijuris Indigenous moor

The Nationality Act of 1940

54 Stat 1137, Section 101 (a) and 8 U.S.C. Section 1101(a)(21).
All Rights Reserved, U.C.C. 1-207, UCC 1-308, UCC 1-103.6

In accordance with 28 C.F.R 16.41 (d) and 28 U.S.C. 1746 (1).

Secured party / Creditor and Holder in due course
U.C.C. -1 Financing Statement
Exempt From Levy HJR 192, U.C.C. 1-104; 3-104;
10-104 C via 31 U.S.C. 463 (6) and PL 73-107
31 U.S.C. 5118, through 22 U.S.C. 2201

I Am Krisean Gibson

The use of a Notary public does not grant any Jurisdiction and is used for indentification purposes only

State of Texas

County of Mclennan
The Above affiant, [signature] appeared before me a notary in his true character and affixed his Signature to the above document and affirmed under oath This 16th day of 4th month

Notary Public.

Comission Jan/17/2024

All corespondence Shall be mailed to the Notary Public listed Below:

Notary Name Laurie Langston
Laurie Langston

Notary Address Jack Harwell Detention Center

Notary city, state, zip Waco, TX

LAURIE LANGSTON
Notary Public
STATE OF TEXAS
ID# 13020745-3
My Comm. Exp. Jan. 17, 2024

Kriscan Gibson #01788334
3201 E Hwy 6
Waco, Tx 76705

NORTH TEXAS TX P&DC
DALLAS TX 750
18 APR 2022 PM 3 L




RECEIVED
APR 20 2022
CLERK, U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

Clerk U.S. District Court
Western District of Texas
United States Court House
800 Franklin Avenue, Room 380
Waco, Tx 76701

76701-193480